# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN GREENBERGER, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | No. 05-C-5539 |
| v. ) ) | |
| ) | Judge Blanche Manning |
| GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY INSURANCE COMPANY AND GEICO CASUALTY INSURANCE COMPANY, ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT GEICO'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT CLAIM BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH APPRAISAL CLAUSE OR TO STAY PROCEEDINGS AND COMPEL APPRAISAL

Plaintiff Steven Greenberger ("Greenberger") is in material breach of his GEICO Policy because: (1) complying with all of the Policy's terms is a condition precedent to bringing a lawsuit against GEICO; and (2) Greenberger has failed and refused to comply with the Policy's Appraisal Clause, materially breaching his contract. Under Illinois and federal law, arbitration/appraisal clauses in contracts are enforceable – regardless of how small the amount in controversy is or the relative bargaining power of the parties – and the failure to comply with such a provision should result in either the dismissal or a stay of the lawsuit. Because there is no dispute of material fact that Greenberger has failed to comply with the Appraisal Clause, GEICO is entitled to either an Order staying this matter until the Appraisal process is completed or summary judgment dismissing Greenberger's breach of contract claim.

I. **GREENBERGER MUST COMPLY WITH ALL MATERIAL TERMS OF HIS GEICO POLICY, INCLUDING THE APPRAISAL CLAUSE, BEFORE HE CAN BRING HIS BREACH OF CONTRACT CLAIM.**

On July 4, 2002, while insured by GEICO General Insurance Company, Greenberger was involved in a two-car accident for which he was at fault. *See* Statement of Facts in Support of GEICO's Motion for Partial Summary Judgment on Appraisal ("SOF") ¶ 4. Greenberger filed a claim under his GEICO policy (the "Policy") related to the damage to his vehicle. *See* SOF ¶ 4. On July 5, 2002, a GEICO auto damage adjuster went to Greenberger's home and inspected his vehicle, which was still drivable. *See* SOF ¶ 5. The adjuster prepared an estimate of the value of the loss based on what he could see, provided Greenberger with a copy of the estimate and a payment for the amount of the Estimate. *See* SOF ¶ 5. Greenberger accepted the payment but never had his vehicle repaired, driving it with the damage for the next 6 months before allegedly donating it to charity. *See* SOF ¶ 6. During that time, and for the next *three years*, Greenberger never contacted anyone at GEICO to assert GEICO had undervalued his loss, it had "omitted" repairs from his estimate, or that he had any concerns whatsoever about how GEICO had adjusted his claim. *See* SOF ¶ 7.

On July 5, 2005, Greenberger filed his original Complaint alleging GEICO had breached his contract by undervaluing his claim related to this loss. *See* SOF ¶ 11. This was the *first time* Greenberger indicated he had any concerns at all about how it adjusted his claim. *See* SOF ¶ 11. On August 26, 2005, GEICO's attorney agreed to accept service of process on behalf of GEICO in exchange for an agreement from Greenberger that GEICO had until November 24, 2005 to respond to the Complaint. *See* SOF at ¶ 12.[1] No limitations were placed on what rights GEICO could assert in responding to the Complaint. *See* SOF at ¶ 12.

On November 21, 2005, GEICO's counsel sent Greenberger's counsel a letter notifying

---

[1] Both parties subsequently agreed by Joint Motion that GEICO had until December 2, 2005 to respond to Plaintiff's allegations. *See* SOF at ¶ 13.

him GEICO was exercising its Appraisal rights under the Policy and demanded Greenberger either agree to dismiss his claim or to stay this proceeding pending an appraisal. *See* SOF at ¶ 14. Greenberger never responded to GEICO's demand and has failed and refused to comply with his contractual obligations under the GEICO Policy by refusing to either dismiss his lawsuit or to stay his claims pending completion of an appraisal. *See* SOF at ¶ 15.

II.  **GREENBERGER HAS FAILED TO COMPLY WITH HIS CONTRACTUAL OBLIGATION TO SUBMIT TO AN APPRAISAL BEFORE FILING A CIVIL COMPLAINT.**

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 (7th Cir. 2006); *Blue Cross & Blue Shield Association v. American Express Co.*, 2005 U.S. Dist. LEXIS 15158, at *3 (N.D. Ill. July 25, 2005). In a diversity action, state law controls the application of an appraisal clause and the fact that it is a condition precedent to bringing suit. *Bevolo v. Carter*, 447 F.3d 979, 982 (7th Cir. 2006) (federal court sitting in diversity applies state law to substantive questions).

Here, it is undisputed GEICO made a demand under the Appraisal Clause before it was required to respond to Plaintiff's Complaint, and that Plaintiff has refused to consent to Appraisal. *See Sketo v. Allstate Ins. Co.*, 1981 U.S. Dist. LEXIS 13338 (S.D. Ind. 1981) (appraisal provision held a condition precedent to bringing suit). Thus, the only questions are: (1) is the appraisal clause legally enforceable; and (2) was the demand timely under the Policy. And, since the answer to both questions is an unequivocal yes, summary judgment is appropriate.

A.  **Greenberger's GEICO Policy Required Him to Comply with the Appraisal Clause *Before* Filing a Lawsuit.**

Greenberger's breach of contract claim, and his entire relationship with GEICO, are

exclusively based upon his GEICO Policy.[2] To bring an action under the Policy, Greenberger is required to fully comply with all of the Policy terms: "No suit will lie against [GEICO]: (a) unless the *insured* has fully complied with all the policy's terms and conditions..." GEICO Policy, Section I(4) at 5; SOF ¶ 7. Indeed, the Policy specifically states that: "[s]uit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the *amount of loss* is determined." Policy Section III(4) ("Action Against Us") at 9 (emphasis added); SOF ¶ 8; *see also George F. Mueller & Sons, Inc., v. Northern Illinois Gas Company*, 32 Ill. App. 3d 249, 254, 336 N.E.2d 185, 189 (1st Dist. 1975) ("[A] plaintiff who seeks to enforce the contract must still sustain his burden of proving that he has substantially complied with all material terms of the agreement"); *Valenti v. Qualex, Inc.*, 970 F.2d 363, 366 (7th Cir. 1992) (in breach of contract suit, plaintiff must prove, he performed under the contract); *Zeidler v. A&W Restaurants, Inc,.* 2006 U.S. Dist. LEXIS 49217, at *13 (N.D. Ill. July 6, 2006), (quoting *Mueller*); *Agrexco USA, Ltd. v. Benny's Farm Fresh Distributing Co.*, 2003 U.S. Dist. LEXIS 2897, at *20 (N.D. Ill. Feb. 28, 2003).

One of the material terms of Greenberger's Policy is the Appraisal Clause, which states:

> 6. APPRAISAL
>
> If we [GEICO] and the *insured* [Plaintiff] do not agree on the amount of *loss, either* may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We

---

[2] Plaintiff also alleged that GEICO had committed "consumer fraud" and been "unjustly enriched" in its transaction with him, but those claims are specious at best. This Court has already dismissed both of these causes of action for failure to state a claim for a number of reasons, chief among them the fact that they are just restated versions of his breach of contract claim. Given the fact that his "Second Amended Complaint" does not establish any new facts or allegations that would save these claims, it is highly likely they will be dismissed again for the reasons outlined in GEICO's Motion to Dismiss Plaintiff's Second Amended Complaint, which is filed concurrently with this Motion.

and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

Policy at 9, Sect. III – CONDITIONS Subsection 6; SOF ¶ 9. In other words, if the parties disagree about the amount of a *loss*, **either** party (GEICO or the policyholder) has a contractual right to demand an appraisal.

### III. ARBITRATION/APPRAISAL CLAUSES ARE VALID AND ENFORCEABLE IN ILLINOIS AND GEICO'S SUBSTANTIVE CONTRACTUAL RIGHTS TRUMP CLASS ALLEGATIONS

Illinois courts have recognized the validity of appraisal clauses in automobile policies for at least 65 years, and similar clauses in other contracts for over a century. *See Hetherington v. Continental Ins. Co. of N.Y.*, 311 Ill. App. 577, 37 N.E.2d 366 (4th Dist. 1941); *Zobrist v. Verizon Wireless*, 354 Ill. App. 3d 1139, 822 N.E.2d 531 (5th Dist. 2004); *Niagara Ins. Co. v. Bishop*, 49 Ill. App. 388, 395 (2$^{d}$ Dist. 1893) (explaining "such provisions are legal, and a compliance therewith is a condition precedent to the bringing of suit, is held by a long and unbroken line of decisions in this country").[3] In fact, the Illinois Legislature has adopted legislative[4] and regulatory[5] insurance schemes that not only encourage using appraisal or arbitration clauses in insurance policies, but in some cases *mandate* their inclusion.

---

[3] Appraisal clauses are also valid and enforceable in numerous other jurisdictions.

[4] *See* 710 ILCS 5/1 ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist for the revocation of any contract . . . .") (emphasis added); 215 ILCS 5/143a(1) ("No policy shall be renewed, delivered, or issued for delivery in this State unless it is provided therein that any dispute with respect to the coverage and the amount of damages shall be submitted for arbitration to the American Arbitration Association") (emphasis added).

[5] *See* 50 Ill. Admin. Code §919.80(c)(2)(F)(iv) ("The company may conclude the loss settlement as provided for **under the appraisal section of the insurance contract** in force at the time of the loss. This appraisal shall be considered as binding against both parties, but shall not preclude or waive any other rights either party has under the insurance contract or at common law.") (emphasis added); 50 Ill. Admin. Code §919 Exhibit A, "Right of Recourse" ("The company **shall** conclude the loss settlement as provided under the appraisal section of the insurance policy.") (emphasis added). And, as the court in *American Country Ins. Co. v. Cline*, 309 Ill. App. 3d 501, 509, 722 N.E.2d 755, 762 (1st Dist. 1999), explained, "[w]hile the Director's silence is not conclusive, it is 'entitled to great weight as against the contention that such a provision [in an insurance policy] is against public policy.'"

A.   **Under Illinois Law, Appraisal Clauses are Treated Exactly the Same as Arbitration Clauses.**

In his Response to GEICO's Motion to Dismiss his First Amended Class Action Complaint ("Response"), Plaintiff admits Illinois substantive law governs this dispute, he refuses to accept the consequences of that admission. *See* Response at 13. Contrary to Greenberger's theory appraisal and arbitration are disparate concepts, Illinois law holds that "the appraisal clause in the insurance policy is analogous to an arbitration clause, which is enforceable in a court of law and with which a court may compel compliance." *Beard v. Mount Carroll Mut. Fire Ins Co.*, 203 Ill. App. 3d 724, 727, 561 N.E.2d 116, 118 (5th Dist. 1990). The *Beard* Court went on to cite with approval Illinois cases that treat appraisal clauses similarly to arbitration clauses and hold that the determination of some fact to be made by arbitrators or appraisers is a condition precedent to the bringing of the suit. *Id.* at 728, 561 N.E.2d at 118. Indeed, more than a century ago the Illinois Appellate Court in *Niagara Ins. Co. v. Bishop*, 49 Ill. App. 388, 395 (2d Dist. 1893), observed that the rule that appraisal clauses in insurance contracts "are legal, and that a compliance therewith is a condition precedent to the bringing of suit . . . is held by a long and unbroken line of decisions in this country."

It is equally clear that state law holding compliance with the appraisal provision of an insurance policy is a condition precedent to bringing suit is substantive law that governs in federal court in a diversity action. In *Sketo v. Allstate Ins. Co.*, 1981 U.S. Dist. LEXIS 13338 (S.D. Ind. 1981), a diversity action, the court (1) granted the defendant insurance company's motion to stay the action and (2) ordered the plaintiffs to proceed with the appraisal procedures required by the insurance contract because Indiana law (just like Illinois law) treated an appraisal provision as a condition precedent to bringing suit.

B.   **Contractual Rights From Appraisal/Arbitration Clauses are Enforceable and Override Class Allegations.**

Illinois Courts have also specifically found that appraisal/arbitration rights, like GEICO's appraisal rights, trump class allegations. In *Zobrist,* the Court held that a contractual commitment to submit a dispute to arbitration or appraisal cannot be overcome by the expedient

crying of "class action." *See Zobrist*, 354 Ill. App. 3d at 1149-50, 822 N.E.2d at 541-42. The *Zobrist* Court reversed the denial of a motion to compel arbitration of a consumer dispute involving a cellular phone charge of $175.00, despite the fact that the plaintiff wanted to bring her claim as a class action. *See id.* Similarly, in *Ragan v. AT & T Corp.*, 355 Ill. App. 3d 1143, 824 N.E.2d 1183 (5th Dist. 2005), the court found that a broad arbitration clause, like the appraisal clause here, is enforceable despite class claims and fraud allegations. Thus, GEICO's contractual right to appraisal clearly trumps Plaintiff's desire to bring a class action.

The federal courts agree that an arbitration provision is a substantive contractual right that may not be abrogated by attempted resort to procedural devices such as a class action. "Whatever the benefits of class actions, the [Federal Arbitration Act] 'requires piecemeal resolution when necessary to give effect to an arbitration agreement.'" *Johnson v. West Suburban Bank*, 225 F.3d 366, 375 (3$^{d}$ Cir. 2000), quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 20 (1985).

Accordingly, federal courts have also enforced defendants' substantive contractual rights to invoke arbitration provisions, notwithstanding plaintiffs' desire to invoke the class action procedures. These courts recognize that the class action mechanism is a procedural fiction that cannot negate substantive contractual rights. For example, in *Johnson v. West Suburban Branch*, the Third Circuit reversed the denial of a motion to compel arbitration where the controlling loan agreements required arbitration even though arbitration may make a class action unavailable to pursue the claims. The Court phrased the issue as "[w]hether a court can compel arbitration of TILA claims when the parties' loan agreement contains an arbitration clause but the plaintiff seeks to bring claims on behalf of multiple claimants." 225 F.3d at 370. The *Johnson* Court answered affirmatively, explaining these claims may "*be subject to arbitration notwithstanding*

*the desire of a plaintiff who previously consented to arbitration to bring his or her claims as part of a class." Id.* at 379 (emphasis added).

In *Metro East Ctr. for Conditioning & Health v. Qwest Com. Int'l.*, 294 F.3d 924, 927 (7th Cir. 2002), the Seventh Circuit similarly rejected a plaintiff's claim that its desire to bring a class action could defeat the defendant's contractual rights, explaining: "Metro East insists it should be entitled to litigate . . . because arbitrators need not entertain class actions. . . . This is the sort of litany that the Federal Arbitration Act is supposed to silence." *See also Kirkpatrick v. J.L. Bradford & Co.*, 827 F.2d 718, 725 n.5 (11th Cir. 1987) (Court held individuals who were bound by agreements to arbitrate their claims "could not be considered members of the class").

Greenberger was required to comply with his GEICO Policy before filing suit. Since he has refused to do so, he is in material breach of contract and unable to bring a claim against GEICO. *See id.; see also Zeidler, Mueller & Son*, 32 Ill. App. 3d at 254, 336 N.E.2d at 289; *Agrexco*, 2003 U.S. Dist. LEXIS 2897, at *20. And, since Greenberger has failed and refused to comply with the Appraisal Clause, his claim should be dismissed as a matter of law. *See id.*

### C. Plaintiff's "Fraud" Allegations do Not Override GEICO's Contractual Right to Appraisal.

Plaintiff also may argue the "appraisal clause" is part of GEICO's alleged "consumer fraud" scheme and therefore should not be applied. This claim is legally unsupportable for at least three reasons. First, as the Court found in dismissing his consumer fraud claim from his First Amended Complaint, and as shown in GEICO's pending Motion to Dismiss his Second Amended Complaint, Plaintiff's "consumer fraud" allegations are just restated versions of his breach of contract claims. Since Plaintiff has not alleged an actionable consumer fraud claim under Illinois law, he has not alleged a reason for obviating the appraisal clause.

Second, Greenberger has alleged fraud generally and not specifically fraud in the inducement of the Appraisal Clause. Whereas a claim that a plaintiff was fraudulently induced into an arbitration provision is determined by a trial court, a claim of fraud generally does not

remove a case from arbitration. *See Aste v. Metropolitan Life Insurance Co.*, 728 N.E.2d 629, 637-38 (Ill. App. 2000) ("when the claim of fraud in the inducement goes to the arbitration clause, the court 'may proceed to adjudicate it.'"); *Cusamano v. Norrell Health Care, Inc.*, 607 N.E.2d 246, 249 (Ill. App. 1993) ("Several Illinois courts have held that claims of precontract fraud in the inducement must be submitted to arbitration, even though they call the entire contract into question, unless the claim specifically attacks the arbitration clause." and collecting cases).[6] Thus, Greenberger's general claim of fraud does not remove this case from the ambit of the Appraisal Clause.

Third, even if Plaintiff had a valid consumer fraud allegation, this Court should not allow an unsupported "allegation" of fraud to void an enforceable contractual provision. Illinois legislative and executive branches have both strongly endorsed the use of arbitration and appraisal provisions by insurers. Allowing plaintiffs to pursue litigation against insurers and avoid contractually mandated arbitration or appraisal remedies by simply alleging "fraud" would effectively abrogate the work of these branches of government. *See* 215 ILCS 5/143a(1) and 50 Ill. Admin. Code § 919.80(d)(5) (specifically calling for or assuming the use of such appraisal and arbitration provisions in insurance policies). Such a tactic intrudes on the province of the Legislature and the Department of Insurance in derogation of the Illinois Constitution, and violates the basic principle of separation of powers. Thus, Greenberger's bare allegation of fraud is not sufficient to avoid application of the Appraisal Clause.

### IV. GEICO PROPERLY AND TIMELY INVOKED THE APPRAISAL CLAUSE.

Greenberger has previously argued GEICO's demand for appraisal was untimely because, he asserts, GEICO had to make an appraisal demand within 60 days of making his filing of his original claim under his GEICO policy, or within 60 days of **July 4, 2002,** even though GEICO was not aware there was any dispute over the value of his claim until at least three years later. *See* Plaintiff's Opposition to GEICO's Motion to Dismiss Greenberger's First Amended

---

[6] Moreover, Plaintiff could not credibly argue that GEICO's alleged use of a third-party computer database fraudulently induced people to agree to an Appraisal Clause that has existed in insurance contracts for over 60 years in Illinois.

Complaint at 15. In other words, Greenberger argues that GEICO must invoke a contractual rights to resolve a dispute about the amount of a loss before it is aware a dispute exists. He is simply wrong. GEICO has properly invoked its right to Appraisal.

      **A.**      **Plaintiff Did Not Dispute GEICO's Determination of the Amount of His Loss Until Over Three Years After Making His Original Claim.**

On July 5, 2002, a GEICO adjuster went to Greenberger's home, inspected his vehicle, prepared an estimate and provided Greenberger with a check related to his claim. *See* SOF ¶¶ 5-6. Subsequently, Greenberger did not contact GEICO to discuss anything related to his claim for more than three years. *See* SOF ¶ 7. He never called or wrote anyone at GEICO to tell it he believed GEICO had undervalued his loss, never notified it that he thought it had "omitted" allegedly necessary repairs while adjusting his loss, and never informed GEICO he disagreed in any way with how GEICO had adjusted his claim. *See* SOF ¶ 7. In fact, until Greenberger filed his Complaint in July 2005, GEICO had no notice whatsoever that he disputed anything related to his claim. *See* SOF ¶ 7.[7]

In July 2005, Greenberger asked GEICO accept a waiver of service, which GEICO did on August 26, 2005. *See* SOF ¶ 12. The parties also agreed that GEICO could have until November 23, 2005 to respond to his Complaint. There were no conditions or exceptions with regard to that extension, and Plaintiff did not indicate he intended to place any limitations on GEICO's ability to assert any contractual or legal rights in responding to the Complaint—it was simply an extension to conduct a factual investigation into his allegations and respond to them. *See* SOF ¶ 12.[8] On November 21, 2005, GEICO made its demand for Appraisal under the Appraisal Clause. *See* SOF ¶ 14.

---

[7] Even now, 16 months after he filed his original Complaint, Plaintiff still refuses to tell GEICO how much he alleges GEICO actually undervalued his claim, meaning he has yet to submit a proper proof of loss under the Appraisal Clause. *See* Plaintiff's Responses to GEICO's First Set of Interrogatories, no. 3.

[8] On November 18, Plaintiff granted GEICO an additional extension until December 2, 2005 to respond to the Complaint. *See* SOF ¶ 13.

### B. A Demand for Appraisal Under the Appraisal Clause Must be Made in a Timely Manner After a Party is Aware that a Dispute Exists With Regard to the Amount of a Loss.

Contrary to Plaintiff's interpretation of the Appraisal Clause, it is clear that the terms of the Clause only apply when there is an actual dispute as to the amount of a loss. The Appraisal Clause states "*[i]f* [*the parties*] *do not agree* on the amount of *loss*, *either* may, within 60 days after proof of loss is filed, demand an appraisal of the *loss* within 60 days." Policy at 9, Section III – CONDITIONS Subsection 6; SOF ¶ 9 (emphasis added). In other words, the Appraisal Clause only applies if the parties *disagree* about the amount of loss claim under the Policy. *See id.* Thus, any requirements regarding how and when a party must invoke their right to Appraisal are *only* implicated after both parties know that a dispute exists. *See id.*

Despite this clear language, Plaintiff has, and likely will continue to, argue that the phrase "proof of loss" means "file a claim." Attempting to interpret this arguably ambiguous term in this way is legally unsupportable for two reasons. First, it renders the phrase "if the parties do not agree on the amount of loss" superfluous, because it assumes a demand must be made even if there is no dispute. *See Hostmark Investors Ltd. v. Geac Enter. Solutions*, 2002 U.S. Dist. LEXIS 13695 (N.D. Ill. 2002); *see also Ceres Marine Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 683 F.2d 242, 248 (7th Cir. 1982); *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875, 879 (4th Cir. 1996). In *Hostmark Investors*, the Court granted a Motion to Compel arbitration in similar circumstances, noting that:

> ambiguity is not sufficient to overcome the 'rule that courts are to construe . . . agreements in favor of arbitration.' Moreover, because parties 'may' always agree to arbitrate a dispute, to interpret an arbitration agreement that uses the term "may" as permitting rather than mandating arbitration would violate the age-old principle that contracts ***must not be interpreted so as to render clauses superfluous or meaningless.***

(emphasis added). Given the strong preference in both federal and Illinois law for enforcing arbitration/appraisal clauses, this Court should give effect to the entire Appraisal Clause, not just the part of it that Plaintiff wants to focus on. *See id.*

Second, interpreting the Appraisal Clause as Plaintiff argues would lead to an absurd result, requiring GEICO and/or a policyholder to either invoke the clause, or waive their rights to

appraisal, before a dispute exists. *See Scottsdale Ins. Co. v. Robertson*, 338 Ill. App. 3d 397, 405, 788 N.E.2d 279, 285 (1st Dist. 2003) ("in order not to lead to unreasonable results, or to defeat the intention of the parties to a contract of insurance, the construction thereof must not be arbitrary, irrational or forced"); *Mitchell Buick & Oldsmobile Sales, Inc. v. McHenry Sav. Bank*, 235 Ill. App. 3d 978, 984, 601 N.E.2d 1360, 1366 (2d Dist. 1992) ("[i]n interpreting a contract, a court will seek a reasonable interpretation of the terms of the contract."); *Futuresource L.L.C. v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002) ("[n]onsensical interpretations of contracts, as of statutes, are disfavored"). Illinois law prohibits adopting a result as absurd as this.

### C. GEICO's Appraisal Demand Was Timely Because Its Rights Under the Contract were Extended By Plaintiff's Attorney.

Greenberger may also argue GEICO's demand was untimely because it was not made within 60 days of his filing his original Complaint. Again, he would be wrong here. GEICO was given extensions to respond to the Complaint that necessarily included the time for GEICO to exercise its rights under the Policy. GEICO did so in a timely manner. *See* Policy at 9 ("[w]e will not waive our rights by any of our acts relating to appraisal"); *Sea-Land Service, Inc. v. R.V. D'Alfonso Co.*, 727 F.2d 1 (1st Cir. 1984).

In *Sea-Land*, the parties agreed to an extension of time for the defendant's response to the complaint. *See id.*, 727 F.2d at 2. Defendant filed an answer and counterclaim within the agreed upon time, and Plaintiff moved to dismiss the counterclaim because the statute of limitations on the counterclaim ran during the extension period. *Id.*, 727 F.2d at 2. The Court found the extension related to all matters connected with the answer, including the counterclaim, because "defendant having reasonably understood that it was not to be penalized for a brief delay in filing its counterclaim, and having used appropriate language therefor, the [trial] court should have given that understanding a fair effect." *Id.*, 727 F.2d at 9-10.

Here, the parties agreed to extend GEICO's time to respond to the Complaint to allow GEICO an opportunity to conduct a reasonable inquiry and respond to the Complaint —there were no limitations on GEICO's ability to assert contractual defenses or substantive rights related to that extension. No reasonable person could argue GEICO waived its contractual right

to Appraisal by accepting Greenberger's agreement to this extension. *See generally Carter v. Tennant Co.*, 2003 U.S. Dist. LEXIS 10953, at *27-28 (N. D. Ill. June 16, 2003), *aff'd*, 383 F.3d 673 (7th Cir. 2004); *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 570-71, 774 N.E.2d 371, 379 (Ill. App. 1st 2002). Thus, GEICO's November 21, 2005 appraisal demand was timely. *See* SOF at ¶ 12.

Additionally, this Court should credit the principles of professional courtesy and collegiality, which both parties observed in agreeing to the extension. Brief extensions of time are common courtesies between lawyers, and both parties have repeatedly agreed to extensions throughout the course of this litigation. (*See* Unopposed Motion to Extend Time for Plaintiff to Respond to Defendants' Motion to Dismiss the First Amended Class Action Complaint, filed Feb. 14, 2006; Agreed Motion to Extend by One Business Day Plaintiff's Deadline to File Second Amended Class Action Complaint, filed Sept. 15, 2006.) There is no indication Plaintiff agreed to the extension with any plan to later assert the extension did not apply to GEICO's Appraisal rights. For Plaintiff to have allowed GEICO to believe otherwise, and then attempt to take advantage of the agreed-upon extension, would punish GEICO unfairly for its reasonable conduct. *See Sea-Land*, 727 F.2d at 9.

### D. GEICO Will Invoke its Appraisal Rights With Regard to Every Putative Class Member if Any Class is Ever Certified.

Finally, independent of the application of the Appraisal Clause to Greenberger's claims, GEICO has a contractual right to appraisal for each individual claim by any policyholder who would be a member of the class that Greenberger seeks to certify in this action. Unless and until those policyholders are included in a class certified on the claims that Greenberger intends to present, GEICO has not received notice that any of those policyholders dispute GEICO's handling of their claims or that they contest the amount their losses under the Policy. If, however, this Court were to find that Greenberger's claim is not subject to the Appraisal Clause (it should not) and if it were to certify a class based on his allegations (which it also should not), GEICO will invoke its right to appraisal for each class member's claim. *See Zobrist; Ragan.*

## V. CONCLUSION.

Under Illinois law, the Appraisal Clause in the Policy is enforceable against Greenberger (and any other potential class member) as a matter of law. *See Zobrist, Ragan, Johnson.* Here, GEICO properly and timely invoked its appraisal rights, and Greenberger has failed and refused to comply with his appraisal obligations, materially breaching his contract. Thus, Greenberger's breach of contract claim must either be dismissed as a matter of law, or stayed pending appraisal.

DATED this 28th day of November, 2006.

>Respectfully submitted,
>
>Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Insurance Company, and GEICO Casualty Insurance Company
>
>By: /s/ Joshua Grabel
>Sheila Carmody (admitted *pro hac vice*)
>Paul Stoller (admitted *pro hac vice*)
>Joshua Grabel (admitted *pro hac vice*)
>One Arizona Center
>400 E. Van Buren
>Phoenix, AZ 85004-2202
>Attorneys for Defendants
>602-382-6000; Fax: 602-382-6070
>
>- and –
>
>Michael R. Blankshain (6180619)
>WILDMAN, HARROLD, ALLEN & DIXON LLP
>225 West Wacker Drive
>Suite 2800
>Chicago, IL 60606
>(312) 201-2000, Fax: (312) 201-2555
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 28, 2006, a copy of the foregoing was electronically served upon the following parties:

>Lawrence Walner
>Michael S. Hilicki
>Email: lwalner@walnerclassaction.com
>mhilicki@walnerclassaction.com

>/s/ Joshua Grabel
>Snell & Wilmer, L.L.P.