IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN GREENBERGER, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY INSURANCE COMPANY, and GEICO CASUALTY COMPANY )<br>)<br>Defendants. ) | No. 05 C 5539<br>Judge Blanche M. Manning |

**MEMORANDUM AND ORDER**

Plaintiff Steven Greenberger sued defendant GEICO and several affiliated companies, alleging that the check GEICO gave him to repair damage to his car was inadequate. The court previously dismissed from Greenberger's complaint claims for consumer fraud (Count I) and unjust enrichment (Count IV). What remains are claims for breach of contract (Count II) and common law fraud (Count III), on which GEICO now seeks summary judgment.

**BACKGROUND**

The following facts are culled from the parties' Rule 56.1 submissions and are agreed except where noted. On July 4, 2002, Greenberger was involved in a collision that damaged his car. Greenberger notified his insurer, GEICO, which sent an adjuster to his home the following day to inspect the damage. The adjuster inspected Greenberger's vehicle, prepared an estimate, and cut Greenberger a check for the amount of the estimate less $500, the amount of Greenberger's deductible. Greenberger cashed the check but did not get his vehicle repaired.

Later that year, someone approached Greenberger about buying the vehicle from him. Greenberger allowed the person to take the vehicle to obtain an estimate to have the car repaired. The resulting estimate was $1,200 higher than the estimate that GEICO's adjuster had prepared. Greenberger ultimately decided not to sell the car and instead, in December 2002, donated it to charity for which he obtained a tax deduction.

Two-and-a-half years later Greenberger sued GEICO in state court, which GEICO later removed to federal court. In the counts that remain in the current complaint (the second amended), Greenberger alleges that (1) GEICO breached the insurance policy by paying his claim based upon an estimate that (a) omitted repairs required under industry standards established by the Inter-Industry Conference on Auto Collision Repair ("I-CAR") and the National Institute for Automotive Service Excellence ("ASE"), and (b) calculated labor costs at below-market rates; and (2) GEICO committed fraud by selling him an insurance policy without disclosing that the software it uses to prepare estimates intentionally omits repairs necessary to return cars to their pre-loss condition.

GEICO has moved for summary judgment on both the breach of contract and common law fraud counts. GEICO contends that it is entitled to summary judgment on the breach of contract claim because (1) Greenberger's policy did not require GEICO to pay claims based upon what repairs industry standards required or based upon market labor rates, and (2) Greenberger failed to fulfill his obligations under the insurance policy and is therefore prohibited by the policy from suing GEICO for its alleged breaches. GEICO contends that it is entitled to summary judgment on the common law fraud claim because Greenberger has no evidence of reliance, an element necessary to establish a claim of fraud.

## ANALYSIS

**Summary Judgment Standard**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c). The court construes all the facts and the reasonable inferences drawn from those facts in favor of the non-movant. *See Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008). The nonmoving party, however, may not merely rest upon the allegations or details in his pleadings, but instead, must set forth specific facts showing that there is a genuine issue for trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Choice of Law**

The parties have not explicitly addressed what state's law applies. But they have cited to Illinois law throughout their briefs, so the court will apply Illinois law as well.

**Breach of Contract (Count II)**

The court now turns to the first of GEICO's two arguments in favor of summary judgment on Greenberger's breach of contract claim. GEICO argues that nothing in Greenberger's insurance policy required GEICO to prepare estimates and pay claims in accordance with industry standards set by I-CAR and ASE, or to calculate labor costs based upon market rates. Indeed, based upon the court's careful review of the policy (R.197-2), the policy contains no such obligation, nor has Greenberger identified any.

Instead, Greenberger argues that his breach of contract claim is not limited to a claim that GEICO failed to follow I-CAR and ASE standards. Greenberger contends that he can also show

that GEICO breached the policy by failing to pay him for repairs needed to return his car to its pre-loss condition, whether or not those repairs were in accordance with I-CAR and ASE standards. The evidence that Greenberger relies upon to support that claim is a sworn declaration from his proposed expert witness, Ken Klein. Klein claims 35 years' experience in automotive repair, including owning and operating his own repair shop for the past 21 years. Other credentials include the following:

- ASE Certified Master Paint & Body Technician
- ASE Certified Collision Damage and Estimating
- I-CAR National Instructor/Trainer for the 8-part Unibody Repair course
- I-CAR Instructor for the 9-part Unibody Repair course
- BASF certified Refinish Technician
- 3M Certified Automotive Collision Repair Shop Management course participant
- Certified Licensed Illinois Auto Dealer, Rebuilder

*See* R.201, Ex. 4 at 1-2.

In his declaration, Klein opines that, based upon his review of the itemized repairs listed in the estimate that GEICO prepared when it inspected Greenberger's car on July 5, 2002, Klein can determine that repairs needed to return Greenberger's car to its pre-loss condition were omitted. For instance, according to the GEICO estimate, the front bumper cover, hood, right fender, left fender, and left front door all needed to be repainted, which would necessitate wet-sanding and buffing those same areas and would require custom-tinting paint to match the color of Greenberger's car. *Id.* at 5-6. But the GEICO estimate did not provide for wet-sanding,

buffing, or custom-tinting and therefore, according to Klein, the estimate is incomplete and GEICO's payment to Greenberger based upon that incomplete estimate was insufficient. *Id.* at 5.

The problem for Greenberger is that Klein's opinion that GEICO's estimate is incomplete is based upon his "knowledge, experience and expertise in the auto repair industry," (*id.* at 2), including his experiences with and knowledge gained from ASE and I-CAR (*id.* at 1). Thus, Greenberger's claim is still one based upon repair standards established by ASE and I-CAR, even though he has cited nothing in his insurance policy that required GEICO to pay claims in accordance with those repair standards. Additionally, Klein's damage estimate incorporates yet another industry standard, the Motor Crash Estimating Guide, upon which Klein computed the hours of labor required to complete repairs that Greenberger contends were omitted. *Id.* at 7-9. But, again, Greenberger has cited no provision of his insurance policy that required GEICO to pay claims in accordance with the Motor Crash Estimating Guide.

"Summary judgment is the 'put up or shut up' moment in a lawsuit." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To survive summary judgment, Greenberger needed to identify evidence that repairs were omitted and that his policy required GEICO to pay him for those repairs. Greenberger's evidence that repairs were omitted consists of (a) industry standards, and (b) the opinion of a proposed expert witness, who in turn based his opinion on his familiarity with industry standards. But Greenberger has failed to identify any provision of his policy that required GEICO to comply with those industry standards, and has therefore failed to identify evidence sufficient to survive summary judgment on Count II.

Because Greenberger has identified no evidence that GEICO breached its obligations under the insurance policy, the court need not address GEICO's alternative basis for summary judgment on Count II, that Greenberger failed to fulfill his own obligations under the policy.

**Common Law Fraud (Count III)**

GEICO also moves for summary judgment on Greenberger's common law fraud claim. It contends that it is entitled to summary judgment because Greenberger admits that he never read his insurance policy. Because Greenberger never read the policy, GEICO argues that he cannot establish reliance on GEICO's alleged failure to reveal that its estimating software was allegedly rigged to omit necessary repairs. Remarkably, Greenberger fails to respond to GEICO's argument about reliance and, in fact, never mentions the word. Instead, he argues that "it would not matter if he read the policy or not—the facts would remain undisclosed."

Under Illinois law a plaintiff may establish a claim of fraud through misrepresentation or omission with evidence that (1) the defendant intentionally made a material misstatement or concealed a material fact; (2) the plaintiff had a right to rely on the misstatement or omission, (3) the statement or omission was made to induce the plaintiff into reliance thereon, (4) the plaintiff did rely on the statement or omission, and (5) the plaintiff suffered damages as a consequence. *See Fox v. Heimann*, 872 N.E.2d 126, 138 (Ill. App. Ct. 2007). In addition, plaintiffs attempting to prove fraud through concealment must also show that the defendant had a duty to disclose the concealed fact. *See W.W. Vincent & Co. v. First Colonial Life Ins. Co.*, 814 N.E.2d 960, 969 (Ill. App. Ct. 2004).

In response to GEICO's contention that he has no evidence of reliance, Greenberger was required to identify evidence of reliance. Doing so would have created a disputed issue of

material fact precluding summary judgment. But as noted above, Greenberger has failed even to address the issue of reliance or cite any evidence of reliance in the record. Because reliance is a necessary element to a claim of fraud, even fraud based upon an omission, and because Greenberger has identified no evidence of reliance, GEICO is entitled to summary judgment on Count III.

**Objection to Magistrate Judge's April 23, 2008 Order**

Finally, the court addresses Greenberger's objection to the Magistrate Judge's April 23, 2008, order extending discovery. Unfortunately Greenberger neglected to file a written notice of intent to present his objection, as required under Local Rule 5.3. As a result, the court only recently became aware of the objection.

Because GEICO is entitled to summary judgment on all of Greenberger's remaining claims, Greenberger's objection to the Magistrate Judge's orders extending discovery is denied as moot.

**CONCLUSION**

For the reasons stated, GEICO's motion for summary judgment [197-1] on Counts II and III is granted. Greenberger's objection [232-1] to the Magistrate Judge's April 23, 2008, order is denied as moot.

This order disposes of all of Greenberger's remaining claims. Accordingly, all pending motions are stricken as moot. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

ENTER:

DATE: July 15, 2008

_____
Blanche M. Manning
United States District Judge